

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| TAMMY PAYNE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:16-02140-MGL |
| | § | |
| WAL-MART STORES EAST, L.P., | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Tammy Payne (Plaintiff) filed this lawsuit as an action for negligence and wanton and willful conduct against Defendant Wal-Mart Stores East, L.P. (Defendant). The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Pending before the Court is Defendant's motion for summary judgment under Federal Civil Procedure Rule 56. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendant's motion for summary judgment will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

While shopping at Walmart store #1382 in Greenwood, South Carolina on October 24, 2014, Plaintiff slipped on a foreign substance on the floor, which she later learned to be milk. Plaintiff alleges she sustained injuries to her right knee and hips and subsequently her left knee

and back as a result of the incident. Plaintiff failed to see milk on the floor prior to her fall and could not quantify how much milk was on the floor, how long the milk had been on the floor, or how the milk came to be on the floor. Surveillance video from October 24, 2014, shows a child dropped a carton of milk on the floor four minutes prior to Plaintiff's fall. Plaintiff lacks knowledge of any Walmart employee having notice of the milk on the floor prior to her fall.

Plaintiff filed her Complaint in this action on May 16, 2016, in the Greenwood County Court of Common Pleas. In the Complaint, she alleges claims for negligence and wanton and willful conduct against Defendant. Defendant timely filed its Answer and Notice of Removal on June 23, 2016.

Defendant subsequently filed its motion for summary judgment on May 4, 2017. Plaintiff filed her response in opposition to Defendant's motion for summary judgment on May 28, 2017, to which Defendant filed its reply on June 1, 2017. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motion.

### III. STANDARD OF REVIEW

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing there is a genuine issue for

trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## IV. CONTENTIONS OF THE PARTIES

In Defendant's motion for summary judgment, it first alleges Plaintiff has failed to create any genuine issue of material fact regarding whether Defendant created the hazard. Defendant also maintains Plaintiff alleges no facts that show Defendant had actual or constructive knowledge of the milk's presence on the floor but failed to remove it.

Plaintiff disputes each of these assertions.

## V. DISCUSSION AND ANALYSIS

In Plaintiff's Complaint, she charges Defendant's negligence caused her injuries. "To establish a cause of action for negligence, a plaintiff must show three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of that duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 584, 588 (S.C. 2003). "If the plaintiff fails to prove any one of these elements, the action will fail." *Vinson v. Hartley*, 477 S.E.2d 715, 720 (S.C. Ct. App. 1996). "The court must determine, as a matter of law, whether the law recognizes a particular duty." *Hurst v. E. Coast Hockey League, Inc.*, 637 S.E.2d 560, 562 (S.C. 2006). "If there is no duty, then the defendant in a negligence action is entitled to judgment as a matter of law." *Id.*

Under South Carolina law, a merchant is not considered the insurer of its patron's safety and is not required to maintain its premises such that no accident could ever happen to a patron on its premises; rather, a merchant owes its customers only a duty to use ordinary care to keep its premises reasonably safe. *Pennington v. Zayre Corp.*, 165 S.E.2d 695, 696 (S.C. 1969). Moreover,

> [i]n South Carolina, a customer who seeks to recover for injuries sustained as a result of a fall caused by a foreign substance on a storekeeper's floor must prove either that the foreign substance was placed on the floor by the storekeeper or that the storekeeper had actual or constructive notice of its presence on the floor and failed to remove it.

*Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24 (S.C. Ct. App. 1990). Constructive knowledge can be shown by demonstrating the substance had been on the floor for a sufficient length of time that the merchant would or should have discovered and removed it had the merchant

4

used ordinary care. *Id.* at 24-25.

Defendant avers Plaintiff is unable to establish Defendant or its agents placed the foreign substance on the floor or Defendant otherwise created the hazard. Plaintiff, on the other hand, claims a jury could reasonably infer the child who dropped the milk pulled it from the cooler, and placing heavy items like milk jugs within the reach of children creates a hazardous condition in and of itself. Further, Plaintiff states when placing milk within the reach of children, Defendant is required to guard against spills by means of warnings or instructions to parents or other guardians.

The surveillance video in this case indisputably shows Defendant did not create the hazard injuring Plaintiff; rather, a child dropped the carton of milk, causing the spill. Additionally, there is no evidence in the record showing the child who spilled the milk took it directly from the cooler or that the milk was indeed in reach of children. Plaintiff likewise fails to present evidence of an industry standard and neglects to provide experts to establish displaying milk within the reach of children creates a dangerous condition. Instead, Plaintiff merely advances speculation as to what a jury might consider a hazardous condition to be. Such speculation, wrought from a series of inferences, cannot defeat Defendant's motion for summary judgment. *See Beale*, 769 F.2d at 214.

Further, Defendant states Plaintiff fails to establish Defendant had actual or constructive knowledge of the milk on the floor. Plaintiff neglects to provide any evidence from the record or other materials Defendant, its employees, or its agents had actual knowledge of the spilled milk or Defendant should have had knowledge of the spill. Plaintiff, however, suggests reasonable minds might differ as to whether four minutes gave sufficient time for Defendant to discover and address the hazard, establishing constructive notice. As such, Plaintiff urges this claim is a question for a jury.

Considering the Fourth Circuit Court of Appeals has cited five minutes as an example of

5

an insufficient time frame for establishing constructive notice, the Court is unpersuaded by Plaintiff's argument reasonable minds might differ on whether four minutes was enough to establish constructive notice. *See Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454-55 (4th Cir. 2004) (indicating an unsafe condition arising five minutes or less before the resulting injury is insufficient to provide constructive notice). Plaintiff neglects to point to any evidence in the record or any other materials showing four minutes would and should have been sufficient time for Defendant to discover and address the spill. Rather, she merely speculates reasonable minds might differ on the sufficiency of the time frame. Consequently, Plaintiff's failure to furnish more than speculation about the inferences and conclusions a jury might draw does not raise an issue of material fact sufficient to defeat summary judgment. *See Ennis*, 53 F.3d at 62. The Court will therefore grant Defendant's motion for summary judgment.

## VI.  CONCLUSION

Wherefore, based on the forgoing discussion and analysis, it is the judgment of this Court Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 16th day of June, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE